UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTH PACIFIC INTERNATIONAL TELEVISION, INC., d/b/a KHCV-TV CHANNEL 45,<br><br>    Defendant. | CASE NO. C04-2068JLR<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on a motion for summary judgment from Plaintiff Paramount Pictures Corporation ("Paramount"). (Dkt. # 9). Defendant North Pacific International Television, Inc. ("NPI") has not opposed Paramount's motion. The court finds this matter appropriate for resolution without oral argument. For the reasons stated below, the court GRANTS Paramount's motion.

## II. BACKGROUND

In 2003, NPI entered into five license agreements with Paramount. Under the agreements, NPI gained the right to broadcast on its Seattle-area television station all

ORDER – 1

episodes of five classic television series: "Mork & Mindy," "Hawaii 5-0," "Happy Days," "Laverne & Shirley," and "Family Ties." Paramount agreed to a license fee for each series. It is undisputed that NPI never broadcast any episode of any of the licensed series. It is also undisputed that NPI never paid Paramount any license fee.

Paramount now seeks summary judgment that NPI breached each license agreement and owes it all unpaid license fees.

### III. ANALYSIS

In examining Paramount's motion, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). Where a question presented is purely legal, summary judgment is appropriate without deference to the non-moving party.

In cases like this one, where the non-moving party fails to oppose a summary judgment motion, the court must still apply the above standards consistent with Fed. R. Civ. P. 56. Henry v. Gill Indus., Inc., 983 F.2d 943, 949-50 (9th Cir. 1993) (holding that court may not grant summary judgment merely because motion is unopposed, even where local rules are to the contrary). The court must determine if the moving party's papers

ORDER – 2

are sufficient to demonstrate that there is no genuine issue of material fact and judgment is appropriate as a matter of law.  See id. at 950.

In this case, all facts material to Paramount's claims are either undisputed or admitted.  Copies of the five license agreements at issue are attached to Paramount's summary judgment motion.  In its answer, NPI admitted that it entered into each of these agreements in 2003.  Answer ¶ 5.  Each contract consists of a letter agreement detailing the terms applicable to the particular television series.  For example, the Laverne & Shirley contract allowed NPI to broadcast each episode of the series up to three times at specified times, and specified a license fee of $26,500.  Each contract also contains Paramount's "Standard Terms and Conditions."  At Paragraph 7 of the Terms and Conditions, the licensee agrees to pay the specified license fee "regardless of whether or not Licensee shall have telecast the Picture(s)."  At Paragraph 12 of the Terms and Conditions, the licensee agrees that upon notice of breach of the agreement, Paramount can make the full balance of the license fee payable immediately.  In June 2004, having received no payment from NPI, Paramount sent a letter to NPI notifying it of a breach of each license agreement.  NPI admits that it received the letter.  Answer ¶ 9.  NPI also admits that it never made payments under any of the license agreements.  Answer ¶ 10.

Paramount has thus shown that there is no genuine issue of material fact that NPI breached each of the five license agreements, and that NPI owes it all unpaid license fees under each agreement.  The full balance is $223,800, consisting of $23,750 for the Mork & Mindy agreement,  $70,000 for the Hawaii 5-0 agreement, $76,500 for the Happy Days agreement, $26,550 for the Laverne & Shirley agreement, and $27,000 for the Family Ties agreement.  Paramount has also shown that it is entitled to interest at 10% per annum on the unpaid balance, commencing on June 3, 2004.  Terms & Conditions ¶ 12(b).  Paramount is also entitled to attorneys' fees as specified in the license agreements.  Id.

ORDER – 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Paramount's motion for summary judgment.  (Dkt. # 9).  The clerk shall enter judgment consistent with this order.

Dated this 9th day of May, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 4